STATE OF MISSOURI *ex rel.* HENRY C. DAVIS, Respondent, *v.* HARVEY J. MANN, Appellant.

*Constitution—General Assembly—County Courts—Vacating Ordinance.*—By the Constitution, art. 6, sec. 1, the General Assembly was authorized to establish inferior judicial tribunals, and under this power it could reorganize the inferior courts then existing, and to that extent could abrogate the vacating ordinance of 1865. The provision of the statute, G. S. 1865, ch. 137, § 3, declaring vacant the office of justices of the county courts, and providing for the election of new justices, was constitutional.

*Appeal from Sixth District Court.*

*James Carr,* for appellant.

I. The construction given to § 3, ch. 37, G. S. 1865, p. 137, by the Marion Circuit Court, by which the office in controversy was held to be vacant on the 6th of November, 1866, is in direct conflict with the vacating ordinance—§ 2, ch. 2 of said statute ; G. S. 1865, p. 60, § 1 of vacating ordinance ; id. p. 47 ; State ex rel. Mississippi & Mo. R.R. Co. v. Macon Co. Ct., present term.

II. The vacating ordinance under which the appellant was appointed to said office is organic in its nature, and as such

it was not competent for the Legislature to modify, alter or repeal it—38 Mo. 419 ; § 9, art. 1, Const., G. S. p. 42 ; § 28, id. p. 52; § 33, p. 682 ; Adj. Sess. Acts of 1863, § 6, p. 689, & § 16, p. 692.

III. The special acts of the Legislature in regard to the election of justices of the County Court of Marion county are not repealed by the General Statutes on the subject— State ex rel. Vastine v. Judge Probate Court, 38 Mo. 529 ; City & Co. of St. Louis v. Alexander, 23 Mo. 483 ; Mauro v. Buffington, 26 Mo. 184 ; § 3 of art. 11 of Const., G. S. 1865, p. 42, & § 6, p. 883 ; Dwar. Stat. 532 ; Sedg. Stat. & Const. Law, 123 ; State ex rel. Mississippi & Mo. R.R. Co. v. Macon Co. Ct., present term.

*Thomas L. Anderson*, for respondent.

I. All the offices of County Court justices in the State were vacated on the 6th day of November, 1866, at the regular election held on the said day by an act of the General Assembly—G. S. § 3, p. 555.

II. It is insisted that this vacating of the office by the Convention in 1865, and the authority conferred on the Governor to fill the vacancies for the remainders of the term, does not conflict with or affect in any manner the act of the Legislature aforesaid vacating said offices—§ 1, G. S. p. 47.

III. The term of holding the office is not fixed by ordinance, nor by the Constitution. The power of fixing, altering or abolishing the term of office belongs exclusively to the General Assembly. The Constitution declares that such county inferior tribunals, to be known as the County Courts, shall be established by the Legislature. The General Assembly, then, has the power to fix their terms of office ; and there being no constitutional restrictions on the Legislature, it may declare the offices vacant whenever it chooses so to do ; or it may abolish the courts and establish other tribunals. It has full and complete control over the subject.

State ex rel. Davis v. Mann.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff was duly elected, commissioned and qualified as one of the justices of the County Court of Marion county in 1866. The defendant had been appointed by the Governor to the same office on the 17th day of April, 1865, under the vacating ordinance of that year, for the remainder of the term of his predecessor, who had been elected in 1864 for the term of six years. The defendant was ousted by the judgment of the court below, and the judgment having been affirmed in the District Court, he brings the case up by appeal.

The question is, which party was entitled to hold the office ? By the first section of the sixth article of the Constitution the judicial power is vested in certain courts, " and in such inferior tribunals as the General Assembly may from time to time establish"—Gen. Stat. 1866, p. 35. The County Courts are such inferior tribunals ; and there can be no doubt of the power of the Legislature, under this provision of the Constitution, to reorganize those courts. The vacating ordinance of 1865 was so far clearly abrogated by this provision. This conclusion is not necessarily in conflict with the opinion of the judges in relation to circuit attorneys—38 Mo. 419. The General Assembly, in the exercise of this power, in 1866, declared vacant the offices of the justices of the County Courts in each county in the State, upon the day of the next regular election (which was held on the 6th of November, 1866), and provided for a new election of these officers on that day—Gen. Stat. 1866, ch. 137, § 3. At this election in Marion county, the plaintiff was elected. We have no doubt of the validity of this statute ; and it follows that the office was vacated on that day.

There being no error in the judgment of the court below, the same will be affirmed. The other judges concur.